JS-6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1863 JGB (SPx)** | Date | January 25, 2019 |
|---|---|---|---|
| Title | ***Jose Navarro v. 3M Company, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Plaintiff's Motion for Voluntary Dismissal Under Federal Rule of Civil Procedure 41(a)(2) (Dkt. No. 13); (2) DENYING Defendant's Motion for Sanctions (Dkt. No. 15); and (3) VACATING the January 28, 2019 Hearing (IN CHAMBERS)**

Before the Court are two motions. Plaintiff Jose Navarro ("Plaintiff") moves for voluntary dismissal of his complaint under Federal Rule of Civil Procedure 41(a)(2). ("Motion for Voluntary Dismissal," Dkt. No. 13.) Defendant 3M Company ("3M" or "Defendant") moves for sanctions under Federal Rule of Civil Procedure 11. ("Motion for Sanctions," Dkt. No. 15.) The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After reviewing and considering all papers filed in support of and in opposition to the motions, the Court GRANTS Plaintiff's Motion for Voluntary Dismissal and DENIES Defendant's Motion for Sanctions. The January 28, 2019 hearing is VACATED.

## I. BACKGROUND

On July 20, 2018, Plaintiff filed his Complaint as a class action in the California Superior Court for the County San Bernardino. ("Complaint," Dkt. No. 1-1.) Plaintiff was represented by William Turley, David Mara, Jill Vecchi, and Matthew Crawford of The Turley & Mara Law Firm (collectively, "Plaintiff's Counsel"). (Id.) Plaintiff's Complaint asserts nine causes of action: (1) failure to pay all straight time wages; (2) failure to pay all overtime wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) knowing and intentional failure to comply with itemized employee wage statement provisions; (6) failure to

pay all wages due at the time of termination of employment; (7) violation of Unfair Competition Law; (8) failure to produce personnel records; and (9) failure to produce wage records. (Id.) 3M removed the action to this Court on August 31, 2018. ("Notice of Removal," Dkt. No. 1.)

On November 27, 2018, 3M served Plaintiff's Counsel with this Motion for Sanctions and demanded Plaintiff and Plaintiff's Counsel withdraw Plaintiff's claims. ("Exhibit 6," Dkt. No. 15-9.) Twenty days later, on December 17, 2018, Plaintiff's Counsel moved to voluntarily dismiss Plaintiff's Complaint without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Motion for Voluntary Dismissal.) On December 19, 2018, 3M filed this Motion for Sanctions under Federal Rule of Civil Procedure 11 ("Rule 11"). (Mot.) Plaintiff opposed the Motion for Sanctions on January 7, 2019. ("Opposition," Dkt. No. 16.) In support of his Opposition, Plaintiff filed a request for judicial notice.[1] ("RJN," Dkt. No. 16-2.) 3M filed its reply on January 14, 2019. ("Reply," Dkt. No. 17.)

## II.    MOTION FOR VOLUNTARY DISMISSAL

Plaintiff's Counsel moves for voluntary dismissal of Plaintiff's Complaint. From October 19, 2018 through December 17, 2018, Plaintiff's Counsel has unsuccessfully attempted to contact Plaintiff. ("Vecchi Declaration," Dkt. No. 16-1 ¶ 21.) Counsel attempted to contact Plaintiff via mail, email, text message, and telephone. (Id. ¶ 19.) Counsel also hired a private investigator to locate additional contact information for Plaintiff but remained unsuccessful in contacting him. (Id. ¶ 20.) Based on Plaintiff's lack of communication and engagement, Plaintiff's Counsel infers he no longer wants to pursue this action as a class representative. (Mot. for Voluntary Dismissal at 3.) Counsel asserts dismissing the claims without prejudice will not harm putative class members because the class is not certified, no class-wide discovery has commenced, no class members have been served with notice of the action, and Counsel is not aware of any publicity concerning this action. (Id.) Counsel also notes any statutes of limitations applicable to putative class members were subject to equitable tolling from the date the Complaint was filed. (Id. 3-4.) The Court GRANTS Plaintiff's Motion for Voluntary Dismissal and DISMISSES Plaintiff's Complaint. The Court bases this dismissal on the additional ground of Plaintiff's failure to prosecute.

## III.    MOTION FOR SANCTIONS

### A. Legal Standard

Rule 11 imposes a duty on attorneys to certify that (1) they have read the pleadings or the motions they file, and (2) the pleading or motion is well-grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d

---

[1] In reaching its decision, the Court does not rely on any of the seven exhibits for which Plaintiff requests judicial notice. Accordingly, the Court DENIES Plaintiff's RJN.

999, 1016 (9th Cir. 1997) (citing Fed. R. Civ. P. 11(b)).  An attorney is subject to Rule 11 sanctions when he or she presents to the court "claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"  Holgate v. Baldwin, 425 F.3d 671, 676–77 (9th Cir. 2005).  Claims must be made only when the attorney can certify that it is the result a "reasonable inquiry."  See Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir.1990).

A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2) ("Safe Harbor Provision").

The party seeking sanctions has the burden of demonstration that sanctions are justified.  Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987).  A court has substantial discretion regarding the application of Rule 11 sanctions.  Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).  Cases warranting the imposition of sanctions for frivolous actions are "rare and exceptional."  Operating Eng'rs Pension Trust v. A–C Co., 859 F.2d 1336, 1344 (9th Cir. 1988).

**B.  Discussion**

3M served Plaintiff's Counsel with this Motion for Sanctions on November 27, 2018.  ("Day Declaration," Dkt. No. 15-3 ¶ 9, Ex. 6.)  3M threatened to file this Motion for Sanctions, 22 days from the date of the letter unless Plaintiff dismissed his claims against 3M.  (Ex. 6.)  Twenty days later, on December 17, 2018, Plaintiff's Counsel filed the Motion for Voluntary Dismissal.  (Mot. for Voluntary Dismissal at 2.)  Despite the Motion for Voluntary Dismissal, 3M filed this Motion for Sanctions on December 19, 2018.  (Mot. for Sanctions.)

Plaintiff argues the because he complied with the safe harbor provision, the Motion for Sanctions must be denied.  (Opp'n at 8-10.)  The Court agrees.  The safe harbor provision "does not require that a party drop its claims with prejudice," as it is possible to develop facts that would permit the party to re-assert the claim.  Sneller v. City of Bainbridge Island, 606 F.3d 636, 639, 639 n.3 (9th Cir. 2010).  In Sneller, the Ninth Circuit found a that party who moved for leave to amend its complaint effectively withdrew the complaint because it was the only procedure available under the rules to withdraw the challenged claims.  Id.  Here, 3M refused to any stipulation for voluntarily dismissal unless it was with prejudice.  (Mot. for Sanctions at 4; Day Decl. ¶ 11.)  Thus, because Defendant had already served its answer, Plaintiff was unable to voluntarily dismiss his Complaint without an order from this Court.  See Fed. R. Civ. P. 41(a)(1)(A).  Accordingly, Plaintiff's Counsel moved to voluntarily dismiss Plaintiff's Complaint under Rule 41(a)(2) which—like leave to amend—requires the Court's approval.  Like in Sneller, Plaintiff's Motion for Voluntary Dismissal effectively withdraws his Complaint within the safe harbor period, as Plaintiff's Counsel could not have taken any other action to withdraw the claim

and was not required to voluntarily dismiss Plaintiff's claims with prejudice. The Court DENIES
Defendant's Motion for Sanctions.

## IV.    CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion for Voluntary Dismissal,
DISMISSES Plaintiff's Complaint, and DENIES Defendant's Motion for Sanctions. The
hearing set for January 28, 2019 is VACATED. The Clerk is directed to close the case.

**IT IS SO ORDERED.**